IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERY W. BITTON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING COMPETENCY OF DEFENDANT BITTON<br><br><br>Case No. 2:05-CR-661 TS |

This matter came before the Court for a competency hearing on April 22, 2008. On June 1, 2006, the Court granted the government's Motion for Psychiatric Exam, and ordered Defendant to undergo a psychiatric and/or psychological examination to evaluate competency, pursuant to 18 U.S.C. § 4241. A competency hearing was held before this Court on April 22, 2008.

I.   Background

Defendant was tested by a psychologist, Dr. Vickie Gregory, at the request of his attorney. His attorney had concerns that he was not competent to assist her in this case. The Court received the evaluation under cover of letter from Dr. Gregory on November 29, 2005. After Dr. Gregory's examination, the government filed its Motion for Psychiatric Exam,

requesting leave for Dr. David Ranks to conduct an evaluation of Defendant.

II.     Evidence Presented

    A.     Defendant's Personal History

At the evidentiary hearing before this Court, defense counsel represented the following facts. As a young boy, Defendant suffered a severe head injury when he fell from a ladder. Dr. Ranks did not address this injury in his testimony. Defendant was in a special needs educational program after his injury and participated in resource classes in high schoo. He did not complete high school successfully.

Defendant has never lived independently. Prior to his marriage, he lived with his mother, father and siblings. During his marriage, he lived with his wife. After his divorce, he moved back home with his parents. His sister assists him regularly, though not full-time. She helps him process his mail, manage his money, and keep his appointments, including court dates. He does not have a checking account, though he can use an ATM. His sister also directs him in performing tasks to manage his home.

Defendant has been employed by several employers. One of these employers was a close family friend and another was Deseret Industries. He has worked as a laborer in several other positions.

    B.     Dr. Gregory's Evaluation

Dr. Gregory testified that she administered a battery of tests in which Defendant tested at a level indicating mental retardation. Dr. Gregory also testified that "Defendant is unable, due to brain injury, to follow conversations, lines of questioning, or any events which jump around from

topic to topic."¹  However, Dr. Gregory conceded that Defendant understands the nature of the proceedings and the potential consequences.²  She also conceded that according to the results of the CAST-MR test that she administered to Defendant, he could be considered competent.  She contends that understanding the nature of the proceedings and the potential consequences is distinct from being able to assist in one's defense.

Dr. Gregory testified that because Defendant is unable to follow conversations, lines of questioning, or discussions that jump from topic to topic, he is unable to assist in his defense.  Defendant further asserts that he cannot be rendered competent by medication or training, that he does not constitute a threat to himself or to others, and that with proper supervision and assistance, he can function safely in the community.

      C.     Dr. Ranks' Evaluation

Dr. Ranks administered a battery of tests, including the Reynolds Individual Assessment Scales ("RIAS") test, to evaluate Defendant's competency.  Defendant's scores on these tests "are well above the Mentally Retarded range of intellectual functioning."³

Dr. Ranks further noted that Defendant was able to find Dr. Ranks' office, find a place for lunch, and return to the office without difficulty.  He also noted that Defendant has "adequate skills to function independently in the community based on reports of his behavior by his sister."⁴  In sum, Dr. Ranks reported that his test results are not consistent with mental retardation but are

---

[1] Def.'s Mem. at 9 (Docket No. 153).

[2] Government's Mem. at 3 (Docket No. 155).

[3] Dr. Ranks' Report at 3.

[4] *Id*. at 8.

most consistent with malingering.

Defendant contends that the tests administered by Dr. Ranks do not reliably measure competency or IQ and therefore "continues to assert that Rank's opinion about competency, or mental retardation or malingering based upon those tests is not admissible under the requirements of Rule 702 of the Federal Rules of Evidence, and the holding in *Daubert* . . . ."[5]

III.  Discussion

A court may conduct a competency hearing pursuant to 18 U.S.C. § 4241(a). If, after such hearing,

> the court finds by a preponderance of the evidence that the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.[6]

The Court finds Mr. Bitton to be competent to stand trial. The Court relies on the following in making this ruling:

1)  Dr. Gregory's own testimony that Mr. Bitton's performance on the 50 question exam would indicate that he is competent.

2)  Dr. Gregory's report that Mr. Bitton's IQ is 70 or higher, he has mild/moderate level of cognitive impairment, and the family's rating of his functioning as normal, as included in Dr. Gregory's report.

3)  Dr. Ranks' testimony regarding malingering is persuasive. Further, with respect to the *Daubert* issue raised at oral argument, the Court finds Dr. Ranks' report to be both

---

[5]Def.'s Mem. at 14.

[6]18 U.S.C. 4241(d).

relevant and reliable in assessing malingering.

4) Mr. Bitton's inability to respond to certain questions at the evidentiary hearing was not credible, particularly in light of Mr. Bitton's performance with Dr. Gregory on the 50 question exam.

Mr. Bitton clearly functions below normal levels, however, his deficiencies do not prevent him from being competent to stand trial. The sophistication of questions that he could answer did not differ dramatically from the sophistication of questions that he could not answer. While it is apparent that counsel will have to work hard to insure that Defendant understands what is going on at trial, the Court finds that Defendant understands the nature and consequence of the proceedings and has the ability to assist in his defense, with adequate preparation on the part of counsel.

IV.   Conclusion

For the reasons discussed above, Defendant is found competent to stand trial. It is further ORDERED that the parties appear at a status conference set for the 29th day of July, 2008, at 3:30 p.m. to consider a new schedule.

DATED   July 1, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge